# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3574

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Skeets Dolphus, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 15, 2010
Filed: July 26, 2010

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM

Skeets Dolphus appeals from his conviction by a jury of conspiring to distribute or possess with intent to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and from the sentence of 151 months' imprisonment that the district court[1] imposed. We affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

Mr. Dolphus contends that the evidence was insufficient to support the verdict, but our careful examination of the record reveals that this contention is meritless. An FBI agent testified that Mr. Dolphus admitted that he had dealt methamphetamine and two co-conspirators testified that they had been part of Mr. Dolphus's scheme to distribute the drug to others; other witnesses related instances in which Mr. Dolphus sold them the drug. Mr. Dolphus insists that the key witnesses were not credible, and his counsel cross-examined them at length about alleged inconsistencies in their statements, their potential biases, and their incentives to fabricate their testimony. The jury, however, chose to believe them, or some of them, and, there being nothing inherently incredible or unreliable about what they said, their credibility was entirely a matter for the jury. *United States v. Crenshaw*, 359 F.3d 977, 988 (8th Cir. 2004).

Mr. Dolphus's contention that the government deliberately used two of its peremptory challenges to exclude Native Americans from the jury is equally unavailing. The government did strike two Native Americans (possibly not the only two on the panel), but the district court found that the government's asserted reasons for the strikes were race-neutral: One venire member was thought, because of her surname, to be a member of a family who had had frequent scrapes with the law; the other had been a witness for the defense in a recent criminal trial. We agree with the district court that these reasons are unrelated to race, and the district court's finding that they were the real reasons for the strikes was not clear error. *See United States v. Maxwell*, 473 F.3d 868, 871 (8th Cir. 2007), *cert. denied*, 550 U.S. 952 (2007).

Mr. Dolphus also maintains that the district court erred in failing to give three of his proposed instructions. But the substance of two of them, instructions on "mere presence" and the definition of a conspiracy, was included in the instructions that the district court in fact gave the jury. A third, which would have directed the jury that it would have to ignore the statements that Mr. Dolphus made to the FBI agent "unless the government has proven beyond a reasonable doubt that the statements were voluntarily made," is not an accurate statement of the law: The correct burden of

proof is the preponderance of the evidence. *See United States v. Brave Heart*, 397 F.3d 1035, 1040 (8th Cir. 2005).

Mr. Dolphus raises a slightly more nettlesome point in his objection to the district court's refusal to submit a special interrogatory to the jury asking it to determine the amount of drugs involved in the conspiracy; instead, the district court did that itself in fixing the sentence. Mr. Dolphus maintains that this procedure violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires a jury to find any fact, except a prior conviction, that increases the penalty for a crime beyond the statutory maximum for that crime. But here, Mr. Dolphus was charged with a violation of 21 U.S.C. § 841(a)(1), without specifying the amount of drugs involved, and we have held that in such circumstances the district court may find the amount of drugs involved, and consider that amount when imposing sentence, so long as the sentence that it fixes does not exceed the maximum that 21 U.S.C. § 841(b)(1)(C) provides, which is twenty years. *See United States v. Serrano-Lopez*, 366 F.3d 628, 638 (8th Cir. 2004); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000). Mr. Dolphus was sentenced to 151 months.

Mr. Dolphus's final contention is that the district court incorrectly enhanced his offense level because he was an organizer, leader, manager, or supervisor of the conspiracy, *see* U.S.S.G. § 3B1.1(c), and incorrectly calculated the amount of drugs for which he was responsible. We have examined the transcripts of both the trial and the sentencing hearing very carefully, and conclude that those assignments of error are baseless: The district court scrupulously reviewed the evidence presented at trial that bore on these matters and there is certainly no clear error in its factual conclusions.

Affirmed.

_____

-3-